**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | **Criminal No. 26-151** |
| | ) | |
| **DAELON HILL-JOHNSON** | ) | |

**ORDER**

Defendant Daelon Hill-Johnson is charged in a One-Count Indictment, with possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. 922(g)(1). On August 3, 2026, Attorney Adrian Roe was appointed as counsel for Mr. Hill-Johnson. ECF No. 13. On August 5, 2026, the date set for a detention hearing, Mr. Roe described a breakdown in communications with Mr. Hill-Johnson and stated that he would be filing a motion to withdraw and requested a continuance of the detention hearing. Aug 6, 2026 Text Minute Entry. Mr. Roe's motion was granted and a new detention hearing date was set for August 13, 2026. ECF No. 20, 2. A detention hearing was held on August 13, 2026, at which Mr. Hill-Johnson was represented by Attorney Ryan Smith. ECF No. 26. Mr. Hill-Johnson was ordered detained and that same day, Mr. Smith filed a Motion to Withdraw as Counsel, stating his client's desire to represent himself ECF Nos. 21, 27.

**I. Motion to Withdraw as Counsel and Self-Representation**

A hearing on Mr. Smith's Motion to Withdraw as Counsel (ECF No. 21) and Mr. Hill-Johnson's filing of a pleading titled, "Assertion of Sixth Amendment Right to Proceed Pro Se" (ECF No. 29), was held on August 20, 2026. Mr. Hill-Johnson affirmed that he wanted to exercise his Constitutional right to self-representation. After finding that Mr. Hill-Johnson was competent, the Court conducted a colloquy with him to determine whether his waiver of his right

to representation was knowing and voluntary. Mr. Hill-Johnson's responses to the questions, his questions to the Court, as well as information from counsel, have satisfied the Court that Mr. Hill-Johnson knows and understands his right to be represented by counsel, and he knows and understands the hazards and consequences of waiving that right. Therefore, the Court found that Mr. Hill-Johnson knowingly and voluntarily waived the right to counsel.

The Court also indicated that standby counsel would be appointed and explained the role of standby counsel. Standby counsel is "to aid the accused if and when the accused requests help, and to be available to represent the accused in the event that termination of the defendant's self-representation is necessary." *Faretta v. California*, 422 U.S. 806, 834 n. 46 (1975). "Such an appointment facilitates the accused's Sixth Amendment right to proceed pro se and conduct one's own defense." *United States v. Bertoli*, 994 F.2d 1002, 1017 (3d Cir. 1993) (citing *Faretta*, 422 U.S. at 821. Standby counsel, however, is not permitted "to make or substantially interfere with any significant tactical decisions, or to control the questioning of witnesses, or to speak instead of the defendant on any matter of importance." *McKaskle*, 465 U.S. at 174. "The pro se defendant must be allowed to control the organization and content of his own defense, to make motions, to argue points of law, to participate in *voir dire*, to question witnesses, and to address the court and the jury at appropriate points in the trial." *Id*. Thus, a defendant exercising his right to self-representation "is entitled to preserve actual control over the case he chooses to present to the jury." *Id.* Standby counsel will be appointed in this case as soon as practical.

**II. Pretrial Motions Deadline**

The current deadline for filing pretrial motions is September 28, 2026. ECF No. 25. Because Mr. Hill-Johnson is just now being permitted to represent himself , and in order to provide standby counsel sufficient time to prepare and to communicate with Mr. Hill-Johnson,

the Court will extend the time for filing pretrial motions from September 28, 2026 to October 30, 2026. Mr. Hill-Johnson may request, by Motion, further extensions of time if necessary.

AND NOW, this 20th day of August, 2026, it is HEREBY ORDERED that Mr. Smith's Motion to Withdraw as Counsel, ECF No. 21, is GRANTED. Mr. Hill-Johnson is permitted to represent himself in this matter.

IT IS FURTHER ORDERED that Standby Counsel shall be appointed in this matter.

IT IS FURTHER ORDERED that pretrial motions are due by October 30, 2026. The extension of time caused by this continuance (September 28, 2026 through October 30, 2026) be deemed excludable delay under the Speedy Trial Act, 18 U.S.C. §§ 3161, *et. seq*. The court finds that the ends of justice served by granting this continuance outweigh the best interest of the public and the defendant to a speedy trial. 18 U.S.C. § 3161(h)(7)(A). Specifically, the failure to grant such continuance would deny defendant reasonable time to prepare his case and to consult with standby counsel, and deny standby counsel reasonable time necessary for effective preparation, taking into account the exercise of due diligence. 18 U.S.C. § 3161(h)(7)(B)(iv).

IT IS FURTHER ORDRED That a status conference is scheduled for October 28, 2026 at 10:00 AM in Courtroom 8A, 8th Floor, United States Courthouse, 700 Grant Street, Pittsburgh, Pennsylvania.

s/*Marilyn J. Horan*
Marilyn J. Horan
United States District Court Judge

Daelon Hill-Johnson
32-0013826
Indiana County Jail
665 Hood School Road
Indiana, PA 15701